UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-40147-RWZ


MARK VERTAL

v.

J. GRONDOLSKY,
Warden, FMC Devens


ORDER
April 28, 2011

ZOBEL, D.J.

Mark Vertal, a prisoner serving a ten year sentence at FMC Devens, challenges the computation of the time of his confinement under 28 U.S.C. §2241. Respondent has moved to dismiss.

The petition together with an affidavit of Kellen Jean Goulet, a Correctional Program Specialist of the Bureau of Prisons ("BOP"), provide the following time line. Petitioner was arrested on April 27, 2002, and released on conditions on May 1, 2002. The conditions included home confinement with attendant restrictions and the appointment of his parents as custodians. Petitioner remained in this status until he pled guilty and was sentenced, respectively on November 19, 2004, and September 16, 2005. The court allowed petitioner to self-report on January 3, 2006, and extended that date at petitioner's request to February 20, 2006. Thus petitioner, according to his calculus, spent 1,389 days under restrictive conditions which he now seeks to credit against his sentence.

Although petitioner acknowledges, as he must, the force of the Supreme Court's decision in <u>Reno v. Koray</u>, 515 U.S. 50 (1995), he cites Justice Ginsburg's concurrence in support of a due process claim, <u>id.</u> at 65. He states he did not know that he would not receive credit for the time he was on bail, albeit subject to restrictions. However, petitioner was represented by counsel. He sought and gained release pending conclusion of the criminal case, which meant that he was allowed to live in his home during the entire period before sentencing and until he reported to prison. Such due process concerns as Justice Ginsburg expressed, given Koray's "close confinement" in a halfway house, do not impact petitioner's very different circumstances.

Finally, petitioner refers to a BOP form entitled Inmate Skills Development Plan, Program Review, that states in a "History" portion that petitioner was "Admitted to an In-Transit Facl 11-17-2005...[to] 02-20-2006..." (<u>See</u> Docket # 1, Attachment to Petition for Writ of Habeas Corpus.) He asserts the BOP released him from bond on November 17, 2005, and admitted him to an in-transit facility on that day and thereby "took custody" of him on that day. As a matter of fact petitioner was not in custody until he reported to FMC Devens on February 20, 2006. The reference to an in-transit facility is simply BOP's administrative mechanism for opening his case.

Respondent's motion to dismiss (Docket # 6) is allowed. Judgment may be entered dismissing the petition.

|  |  |
|---|---|
| April 28, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |